IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LAL BHATIA                                                    PLAINTIFF

VS.                                CIVIL ACTION NO: 5:13-cv-199-DCB-MTP

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, ET AL.                                             DEFENDANTS

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendations of July 28, 2014 **[docket entry no. 29]**. Therein, Magistrate Judge Parker recommends that the defendants' Motion to Dismiss **[docket entry no. 16]** should be granted, that the plaintiff's Motion for Summary Judgment **[docket entry no. 23]** be denied, and that this action be dismissed with prejudice. Having reviewed the Report and Recommendations, the plaintiff's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Plaintiff Lal Bhatia is currently incarcerated at the Adams County Correctional Center, serving sentences for "Mail Fraud" and "Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity." On October 17, 2013, Bhatia, proceeding <u>pro se</u>, filed his complaint **[docket entry no. 1]** against the United States Department of Homeland Security, the United States Citizenship and Immigrations Services, and the Bureau of

Immigration and Customs Enforcement, asserting claims under the Due Process Clause, the Separation of Powers Doctrine, the Equal Protection Clause, the Privacy Act, and 42 U.S.C. § 1981. The claims center around Bhatia's records maintained by the defendants. On May 30, 2013, Bhatia made a Freedom of Information Act request for records related to his immigration detainer, requesting its amendment. The request was denied because Bhatia did not properly verify his identity. Bhatia renewed his request on Spetember 12, 2013, ignoring the previously issued denial.

Bhatia requests that this Court (1) declare that his records were not properly maintained by the defendants; (2) order amendment of his records; (3) rescind the immigration detainer; (4) enjoin any removal proceedings against him; and (5) award damages for the defendants' conduct. Bhatia seeks to have his records show that "Mon Wig, in order to conceal his money laundering crimes, engineered fabricated charges that led to Plaintiff's investigation and convictions." Report & Recommendations p. 4, ECF No. 29. Defendants filed a Motion to Dismiss on several grounds: (1) a failure to exhaust administrative remedies, (2) the requested records are exempt under the Privacy Act, (3) a failure to state a claim, (4) the plaintiff is using the Privacy Act to attack his conviction, and (5) the constitutional claims are not viable.

Magistrate Judge Parker found that the records Bhatia sought to amend were exempt under the law enforcement exceptions to the

Privacy Act; Bhatia could not challenge his conviction in a Privacy Act action; and that the constitutional claims were foreclosed by the lack of a Privacy Act violation. He did not reach the issue of failure to exhaust administrative remedies.

Bhatia filed his Objections **[docket entry no. 29]** to the Report and Recommendation, and the defendants chose not to respond. Bhatia makes seven objections. The Court ignores his third objection as conclusory. The first, second, and fourth objections reiterate Bhatia's attacks on his convictions, and the Court thus ignores them. The fifth and sixth objections reiterate his arguments from his response to the motion to dismiss that the exemptions of the Privacy Act do not apply, and the Court ignores them. Bhatia's seventh objection states that his constitutional claims were against more defendants than Magistrate Judge Parker addressed in his Report and Recommendations. Having reviewed the record in this case, the Court is swayed by Magistrate Judge Parker's finding that the constitutional claims are predicated on a violation of the Privacy Act, which did not occur. Therefore, the Court overrules Bhatia's seventh objection.

After a de novo review of the portions of the Report and Recommendations to which Bhatia objected, the Court is unable to find any error. The Court is satisfied that Magistrate Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations is ADOPTED.

FURTHER ORDERED that the plaintiff's Objections to the Magistrate Judge's Report and Recommendations is OVERRULED.

FURTHER ORDERED that the defendants' Motion to Dismiss <u>or in the alternative</u>, Motion for Summary Judgment is GRANTED.

FURTHER ORDERED that the plaintiff's Complaint is DISMISSED WITH PREJUDICE.

FURTHER ORDERED that the plaintiff's Motion for Summary Judgment is rendered MOOT.


SO ORDERED, this the 15th day of September 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE
